UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

VINCE NICHOLAS VAN VLECK, Individually,
VINCE NICHOLAS VAN VLECK, in a
representative capacity on behalf of similarly
situated persons,

    Plaintiff,

v.

LEIKIN, INGBER & WINTERS, P.C.,
d/b/a INGBER & WINTERS, P.C.,

    Defendant.
_____/

Case No. 20-cv-11635
Hon. Stephanie Dawkins Davis
Mag. Elizabeth A. Stafford

### DEFENDANT'S RESPONSE TO MOTION TO COMPEL RULE 26(F) SCHEDULING CONFERENCE [ECF 21]

Ingber & Winters, P.C. ("Firm") wishes to resolve this case on a class basis without incurring legal fees to defend the case or causing counsel for Vince Van Vleck to incur legal fees in an amount that makes settlement difficult. It asked the Court to set the case for a facilitative mediation with Honorable Magistrate Elizabeth Stafford [ECF 8, PageID 44- 47]. That motion is fully briefed and waiting for a ruling. The parties have exchanged offers and demands; the Firm has sent Mr. Van Vleck a proposal to resolve the non-monetary terms in an effort to limit the issues in dispute, and is waiting for Mr. Van Vleck's substantive response. *See* September 1, 2020 email, attached as Exhibit A.

Mr. Van Vleck has not identified any discovery that is time sensitive nor does he explain why a litigation-hold letter would not cure any legitimate concerns he may have about document preservation. Before setting a conference to initiate costly and likely wasteful discovery, the Court should order the parties to meet with Magistrate Stafford in a good faith effort to resolve this case. The Firm therefore respectfully asks that Mr. Van Vleck's motion be denied and the parties be ordered to attend facilitative mediation with Magistrate Stafford.

                Respectfully submitted,
                */s/ Kathleen H. Klaus*
                Kathleen H. Klaus
                MADDIN, HAUSER, ROTH & HELLER, P.C.
                *Attorney for Defendant*
                28400 Northwestern Hwy, 2nd Floor
                Southfield, MI 48034
                (248) 359-7520
                kklaus@maddinhauser.com
                Attorney Bar No. P67207

Dated: October 2, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2020 I electronically filed the above document(s) with the Clerk of the Court using the ECF system, which will send notification of such filing to those who are currently on the list to receive e-mail notices for this case.

                                                    */s/ Kathleen H. Klaus*
                                                    Kathleen H. Klaus
                                                    Maddin, Hauser, Roth & Heller, P.C.
                                                    Attorneys for Defendant
                                                    28400 Northwestern Highway
                                                    2nd Floor
                                                    Southfield, MI  48034
                                                    (248) 359-7520
                                                    kklaus@maddinhauser.com
                                                    Attorney Bar No. P67207

DATED: October 2, 2020

# EXHIBIT C

**From:** Kate Klaus
**Sent:** Tuesday, September 1, 2020 2:19 PM
**To:** B. Thomas Golden <tom@golden.law>; 'Curtis Warner' <cwarner@warner.legal>
**Subject:** Van Vleck/Ingber

Before we bid against ourselves, I thought it would make sense to see if there was common ground on the non-monetary terms of settlement.

1. **Scope of release.**  We read the *Wright* case as barring Mr. Van Vleck from acting as class rep and then pursuing a separate claim for damages on a different theory in the same case.  As a practical matter, we're not going to settle half the case and continue to litigation against him.  Mr. Van Vleck is entitled to an award for his actual damages under the FDCPA and an incentive award under Rule 23.  As for the claims being released, we believe that (a) Mr. Van Vleck should give a plenary release given he is getting a separate award for actual damages; and (b) due process is satisfied with a release that provides for a release from the Settlement Class  "from liability for all claims asserted or which could have been asserted based upon the facts alleged in the Complaint."   We can't agree to any carve outs, and this comports with federal law on scope of releases in class actions.  We agree to your suggestion that "agent" be removed from the definition of "released parties" but not to any express carve out for any class of person.
2. **Structure of Class.**  We agree to pay the costs of administration outside of the settlement amount.  In our experience, it is more efficient to have class members indicate that they want to participate by submitting a claim.  It results in a high award to participating class members and limits fraud from intercepted checks.  We won't need a photo ID this way.  We have experienced high participation rates this way, especially with on-line claims submission process, and it therefore benefits the class, at no cost to it.  For the unclaimed funds, we suggest splitting them with us (to cover the admin costs) and a *cy pre* award as you suggest.
3. **Notice.**  We have found that a post card notice is more likely to be read than a notice in an envelope that will look like junk mail.  The postcard can refer the class members to an interactive website, with more information on the claims.  This is pretty standard these days.
4. **Attorneys' fees.**  We cannot agree to an open-ended attorneys' fee award because it does not allow us to properly manage the financial risk of the case.  The fees and costs have to be included in the "Settlement Fund" with our agreement not to oppose you seeking a set amount.

I got this list from your position to our motion to send the case to facilitation.  I don't know if there were any additional terms.  If we can agree on these, then it is just a question of agreeing on (a) Mr. Van Vleck's individual award/incentive (paid outside of the Settlement Fund); and (b) the Settlement Fund that includes both the payment to the class and the attorneys' fees.

- Kate



**Kathleen H. Klaus**
Shareholder
Maddin, Hauser, Roth & Heller, P.C.
28400 Northwestern Highway
Suite 200-Essex Centre
Southfield MI 48034
Receptionist (248) 354-4030
www.maddinhauser.com
vcard

(248) 359-7520 direct dial
(248) 359-7560 direct fax

kklaus@maddinhauser.com



*This electronic message and all contents contain information from the law firm of Maddin, Hauser, Roth & Heller, P.C. which may be privileged, confidential or otherwise protected from disclosure. The information is intended to be for the addressee only. If you are not the addressee, any disclosure, copy, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify us immediately and destroy the original message and all copies.*