UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

VINCE NICHOLAS VAN VLECK, Individually,
VINCE NICHOLAS VAN VLECK, in a
representative capacity on behalf of similarly
situated persons,

    Plaintiff,

v.

LEIKIN, INGBER & WINTERS, P.C.,
d/b/a INGBER & WINTERS, P.C.,

    Defendant.

Case No. 20-cv-11635
Hon. Stephanie Dawkins Davis
Mag. Elizabeth A. Stafford

_____/

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

### 1. Use of the SCAO form did not cause an injury.

Plaintiff argues on behalf of himself and the class he hopes to represent that Ingber's use of the SCAO form summons violated the FDCPA because it stated the recipient had 21 days to answer when in fact the time for answering was stayed by order of the Michigan Supreme Court. Plaintiff contends that the receipt of "false" information alone, "without anything more," is an injury sufficient to confer standing. *See* PageID 538-541, 549-550. As briefed in Ingber's motion, this is not an accurate statement of the law in this Circuit; rather, Plaintiff was required to have demonstrated an "actual injury" arising from this alleged violation. The authority Plaintiff cites to support his argument, *Beaudry v. TeleCheck Servs.,* 579 F.3d 702,

706-707 (6th Cir. 2009), did not decide whether the plaintiff had standing, but only whether the plaintiff stated a cause of action under the Fair Credit Reporting Act. Plaintiff, in fact, has no case law to support his position that the mere receipt of the SCOA form summons created a "concrete injury" that confers standing to sue in federal court.

Furthermore, Plaintiff acknowledges that, after he was served, he promptly hired an attorney to negotiate a resolution of the underlying collection case. *See* PageID 548. Hiring an attorney to settle a debt he does not dispute he owed is the type of "self-inflicted" injury caused by Plaintiff's own failure to pay debts that cannot be attributed to any FDCPA violation alleged here and, therefore, cannot be used to establish standing. *See Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 866 (6th Cir. 2020). In any event, whether Plaintiff hired an attorney and paid his debt sometime after he was served on April 23, 2020, or whether he would have hired an attorney and paid his debt after the Supreme Court order was rescinded effective June 20, 2020 [MSC AO 2020-18, attached as Exhibit A], a maximum 58-day respite from hiring an attorney and paying a debt he does not dispute he owed, without any additional allegations as to why that is an "actual injury," is not an

"actual injury."[1]  *See Hagy v. Demers & Adams*, 882 F.3d 616, 622 (6th Cir. 2018); *Trichell v. Midland Credit Mmgt.*, 964 F.3d 990, 1001 (11th Cir. 2020).

Plaintiff's argument, in essence, is that as long as he can allege a consequence of being served with the SCAO summons (such as hiring an attorney a few weeks before he believes he should have had to hire an attorney), he has suffered an "actual injury" as a result of being served with the SCAO summons. This is not the law, and Counts II and III should be dismissed, accordingly.

### 2. Plaintiff also lacks standing on Count I.

Plaintiff's other theory is that Ingber "harassingly" served process during the state of emergency, but because Plaintiff cannot establish standing in connection with his alleged anxiety over whether he had contracted COVID-19 from the process server, he argues that he "is not claiming that his claim hinges" on his fear about catching the virus. *See* Response at p. 13; ECF 28, PageID 543. His response does

---

[1] Plaintiff's alleged injury also militates against granting his pending motion for class certification, ECF 9, because it is yet another factor that destroys commonality, in addition to those factors identified in Ingber's response to the motion for class certification, ECF 27. "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,' not that they have merely 'all suffered a violation of the same provision of law.'" *Brown v. Asset Acceptance, LLC,* Case No. 17-CV-795, 2020 WL 6940764 at *5 (W.D. Mich. Sept. 28, 2020), quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-350 (2011). Here, Plaintiff's claimed injury of having hired an attorney and settled his debt two months before he otherwise would have, patently is not the same injury suffered by all proposed class members who received a SCOA form summons, some of whom did not hire an attorney or pay their debt.

not identify, however, the "actual harm" on which his claim does "hinge." But "[t]he existence of an abstract injury is insufficient for a plaintiff to carry" his burden of establishing standing. *Lyshe v. Levy,* 854 F.3d 855, 857 (6th Cir. 2017). The "harm" suffered by Plaintiff from being served in person – if not his fear of catching COVID – is too abstract to name, and, to the extent this "harm" exists anywhere outside of Plaintiff's imagination, it is too illusory to redress in federal court. *Id.*

In fact, Plaintiff clearly is alleging he was afraid the process server exposed him to the "potential risk of harm," which *Buchholz*, 946 F.3d at 860, 865, held was not a sufficient injury to warrant a place in federal court, particularly where, as here, the risk of harm had dissipated by the time the plaintiff filed suit. *See also Trichell*, 964 F.3d at 1001-1002. Plaintiff attempts to distinguish *Buchholz* by arguing that Ingber's conduct was "criminal." But even if serving process on April 23, 2020 was "criminal" (which Ingber vigorously disputes), that does not create automatic standing. At worst, it would have been a misdemeanor.[2] It is more like a process

---

[2] The allegation that the process server's actions were "criminal" is a legal conclusion this Court cannot accept as true for purposes of the instant motion. *Bright v. Gallia County,* 753 F.3d 639, 652 (6th Cir. 2014). In any event, Plaintiff misstates the scope of Governor Whitmer's Executive Orders. There were no arrests of Amazon drivers who delivered "non-essential" packages; postal carriers were serving certified mail, "essential" or not. *See* https://about.usps.com/newsroom/service-alerts/pdf/usps-continuity-of-operations-03-20-2020.pdf, last accessed Dec. 22, 2020. Indeed, the Michigan Supreme Court clearly stated that it was "in no way prohibit[ing] or restrict[ing] a litigant from commencing a proceeding whenever the litigant chooses." AO-2020-3, attached as Exhibit B.

server taking a circuitous route to a debtor's front door to pet a dog in the yard. *See* MCL 750.552. A misdemeanor? Yes. The source of an actual injury for a violation of the FDCPA? No. Count I should be dismissed, accordingly.

### 3. The Court has discretion to deny supplemental jurisdiction.

Plaintiff contends that his RCPA claim does not raise novel issues of state law, but fails to cite to a single Michigan case interpreting the statute, let alone a case where a Michigan court has agreed that the FDPCA and RCPA are identical statutes. Indeed, the Sixth Circuit noted in one of Plaintiff's cited cases that no Michigan court has decided the issue of whether the RCPA is a "strict liability" statute. *Gamby v. Equifax Info Servcs., LLC,* 462 F. Appx 552, 553 (6th Cir. 2012). Like the compatible employment discrimination statutes, there are similarities and fundamental differences between the two laws that cannot simply be glossed over. *See e.g. Elzovic v. Ford Motor Co.,* 472 Mich. 408, 421 (2005). Plaintiff did not even plead that service during COVID violated the RCPA. *See* Count I, PageID 14-17. He claims Ingber's use of the SCAO form violated the FDCPA in that it was a "false representation of the legal status of a debt" [*Id.* at ¶85, PageID 19] and subsections of the RCPA that bar misrepresentation concerning the "legal status of a legal action being taken," "the legal rights of the debtor" and "making an untrue statement" [*Id* at ¶¶87, 89, PageID 19-20]. The provisions of the two statutes are not analogous, let alone identical. Michigan courts, not federal courts, should have

the opportunity to develop case law interpreting the RCPA, especially when, as here, there are unique aspects of the state law that will overshadow the federal claims. As the Honorable Robert Jonker found when addressing the issue of whether to exercise supplemental jurisdiction over RCPA class claims:

> "Under Michigan law, class actions involving statutory damage claims are subject to special limitations. […] By permitting a class action to proceed here in federal Court based on a Michigan statute that would not authorize the State Court to proceed in such fashion, this Court would potentially flout the policy choices of the State of Michigan." *Verburg v. Weltman, Weinberg,* Case No. 13:1329, 2014 WL 12907671 at *2 (W.D. Mich. June 25, 2014). *See also Richard v. Oak Tree Group, Inc.,* 614 F. Supp. 2d 814 (W.D. Mich. 2008); *Rockey v. Courtesy Motors, Inc.,* 199 F.R.D. 578 (W.D. Mich. 2001).

Finally, none of the cases cited by Plaintiff addressed the issue of whether exercising ***supplemental jurisdiction*** over RCPA claims was appropriate. Indeed, in *Newman v. Trott & Trott, P.C.,* 889 F. Supp. 2d 948, 967 (E.D. Mich. 2012), the court dismissed the RCPA claims because the plaintiff failed to argue how those claims differed from the FDPCA claims. As with Plaintiff's other cases, it is inapposite because the issue of supplemental jurisdiction was never raised.

### 4. Conclusion

Receiving a SCOA form summons is not an "actual injury" for which the recipient may seek recourse in federal court. Nor is hiring a lawyer to defend a collection case over a debt that is actually owed. Plaintiff's fear of catching COVID-19 from the process server fares no better in the Article III standing crucible as set

forth in *Buchholz* and *Lyshe*.  Rather, this case should be dismissed for lack of subject matter jurisdiction.

By: */s/ Kathleen H. Klaus* (P67207)<br>
Kathleen H. Klaus (P67207)<br>
Jesse L. Roth (P78814)<br>
28400 Northwestern Highway<br>
Southfield, MI 48034<br>
(248) 359-7520<br>
kklaus@maddinhauser.com<br>
Attorneys for Defendant

Dated: December 23, 2020

### CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2020 I electronically filed the above document(s) with the Clerk of the Court using the ECF system, which will send notification of such filing to those who are currently on the list to receive e-mail notices for this case.

*/s/ Kathleen H. Klaus*<br>
Kathleen H. Klaus<br>
Maddin, Hauser, Roth & Heller<br>
Attorneys for Defendant<br>
28400 Northwestern Highway<br>
2nd Floor<br>
Southfield, MI  48034<br>
(248) 359-7520<br>
kklaus@maddinhauser.com<br>
Attorney Bar No. P67207

DATED: December 23, 2020