UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCE NICOLAS VAN VLECK,                Case No. 20-11635

        Plaintiff,                      Stephanie Dawkins Davis
v.                                 United States District Judge

LEIKIN, INGBER & WINTERS, P.C.,

        Defendant.
_____ /

## ORDER FOR SUPPLEMENTAL BRIEFING AND SETTING HEARING DATE ON MOTION TO DISMISS (ECF No. 26)

Currently pending before the court is defendant's motion to dismiss plaintiff's complaint. (ECF No. 26). On review of the parties' submissions, the court has concluded that supplemental briefing on certain standing issues would assist the court in resolving the motion. The parties have briefed the issue of standing with the apparent assumption that all alleged violations of the Fair Debt Collection Practices Act (FDCPA) are "procedural" violations, as identified by the Supreme Court in *Spokeo, Inc. v. Robins*, ⸺ U.S. ⸺; 136 S.Ct. 1540 (2016) (Addressing the Fair Credit Reporting Act) and the Sixth Circuit in *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 860 (6th Cir. 2020) (Addressing the FDCPA, 15 U.S.C. §§ 1692e(3) and (10)). Case law suggests that not all violations of the FDCPA are procedural and some violations are substantive. *See e.g.*, *Gause v. Medical Business Consultants, Inc.*, 424 F.Supp.3d 1175 (M.D. Fla.

1

2019).  *Buchholz* concluded that that certain provisions of the FDCPA involved procedural rights and then applied the standing framework found in *Spokeo*.  The parties must address whether *Buchholz* forecloses a finding that any of the FDCPA provisions at issue in this case confer substantive rights, as opposed to procedural rights.  Next, the parties must address whether each violation of the FDCPA alleged in the complaint constitutes a violation of plaintiff's procedural or substantive rights under the statute.  Finally, the parties should discuss whether and to what extent the answers to the foregoing questions affect the standing analysis regarding each alleged FDCPA violation.  *See e.g.*, *Griffin v. Bank of America, N.A.*, 226 F.Supp.3d 899 (N.D. Ohio 2016); *Tucek v. Cadillac Accounts Receivable Mgmt., Inc.*, 2019 WL 8226444 (E.D. Mich. Oct. 3, 2019), report and recommendation rejected on other grounds, 2020 WL 1249341 (E.D. Mich. Mar. 16, 2020); *Throndson v. Huntington National Bank*, 2020 WL 3448281 (S.D. Ohio June 24, 2020).  More specifically, the parties must address if the *Spokeo/Buchholz* standing framework is limited to procedural violations of the FDCPA and if so, how that changes, if at all, the analysis of whether plaintiff has Article III standing for each of the statutory violations alleged.

Each parties' brief may be no longer than 10 pages and must be filed by **March 8, 2021**.  A hearing on this matter is scheduled for Wednesday, March 17, 2021 at 3:00 p.m.

**IT IS SO ORDERED**.

Date: February 24, 2021

<u>s/Stephanie Dawkins Davis</u>
Stephanie Dawkins Davis
United States District Judge