IN THE UNITED STATES DISTRCIT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCE NICOLAS VAN VLECK, individually,
VINCE NICOLAS VAN VLECK, in a
representative capacity on behalf of
similarly situated persons,

        Plaintiff,

v.

LEIKIN, INGBER & WINTERS, P.C.,
d/b/a INGBER & WINTERS, P.C.,

        Defendant.

Case No. 20-cv-11635-SDD-EAS

Hon. Stephanie Dawkins Davis

**PLAINTIFF'S SUPPLEMENTAL BRIEF
PURSUANT TO THE COURT'S FEBRUARY 24, 2021 ORDER**

The Court has asked for supplemental briefing on, "whether each violation of the FDCPA alleged in the complaint constitutes a violation of plaintiff's procedural or substantive rights under the statute". The claims here are "substantive". "The Fair Debt Collection Practices Act, 91 Stat. 874, 15 U.S.C. §1692 et seq. (FDCPA or Act), aims to eliminate 'abusive debt collection practices.' §1692(a)-(d). To that end, the Act imposes various procedural and substantive obligations on debt collectors." *Sheriff v. Gillie*, 136 S. Ct. 1594, 1597-1598 (2016). Under a "procedural" or "substantive" rights rubric, the claims brought under 15 U.S.C. §§ 1692c(a), c(a)(1), 1692d, d(1), 1692e, e(2)(A), are all "substantive" in nature, *see Gillie,* 136 S. Ct. at 1598 (*citing* 15 U.S.C. §1692d; §1692e; §1692g(a)), not

"procedural" in nature. *See id.* (citing the threshold question of whether an entity is a "debt collector" under 15 U.S.C. §1692a(6)(C)).

Other case law holds supports the finding that all claims asserted here are "substantive" in nature. *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1038 (2019); *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 559 U.S. 573, 599, 130 S. Ct. 1605, 1622 (2010); *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 461 (6th Cir. 2013) overruled, in part, on other grounds *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019) ("the Act's substantive provisions indicate that debt collection is performed through either 'communication,' id. § 1692c, 'conduct,' id. § 1692d, or 'means,' id. §§ 1692e, 1692f"); *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002) ("The substantive heart of the FDCPA lies in three broad prohibitions. . . . § 1692d. . . . § 1692e. . . § 1692f.") *see also Abraham v. Ocwen Loan Servicing, LLC,* 321 F.R.D. 125, 178 n.30 (E.D. Pa. 2017) ("The substantive provisions of FDCPA apply to 'debt collectors.' See, e.g., 15 U.S.C. § 1692c(a) . . . § 1692e").

Until recently, the Sixth Circuit's case law has been consistent and clear that Congress' enactment of the FDCPA's consumer protection and debt collector conduct prohibition provisions are "substantive" by their very nature:

> The FDCPA is an extraordinarily broad statute, crafted in response to what Congress perceived to be a widespread problem in debt collection practices, and must be construed accordingly. *See Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008); *see also Stratton v. Portfolio*

*Recovery Assocs*., LLC, 770 F.3d 443, 448 (6th Cir. 2014). The FDCPA aims 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.' 15U.S.C.§1692(e); see id. §§ 1692(a)-(d).

*Cagayat v. United Collection Bureau, Inc*, 952 F.3d 749, 753 (6th Cir. 2020).

[T]he listed examples of illegal acts [in the FDCPA's subsections] are just that—examples. *See Currier*, 762 F.3d at 536. Sections 1692e and 1692f 'enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed.' S. Rep. 95-382, at 4.

*Stratton*, 770 F.3d at 450.

To achieve this broad remedial purpose, the statute makes violators of its provisions liable for actual damages, statutory damages, costs, and attorney's fees. 15 U.S.C. § 1692k. * * * We must enforce this statute as Congress has written it.

*Frey v. Gangwish,* 970 F.2d 1516, 1518, 1521 (6th Cir. 1992).

The Court further requested to parties to address whether *Buchholz* forecloses a finding that any of the FDCPA provisions in this case confer substantive rights, as opposed to procedural rights. The answer is no.

In *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 859 (6th Cir. 2020), the term "procedural" was used in the context of, "[s]o if the plaintiff alleges a violation of a procedural right that protects a concrete interest, the plaintiff 'need not allege any additional harm beyond the one Congress has identified'", *id.* at 859 (*quoting Spoeko*, 136 S. Ct. at 1550), but then later in the opinion stated, "Buchholz claims that MNT's alleged procedural violation caused a concrete—though intangible—

3

injury. So we consider the two factors from *Spokeo*, congressional judgment and the common law, to determine whether the procedural violation is cognizable." *Id.* at 870.

At first blush, the *Buchholz* Court appears to view all statutory prohibitions as "procedural", but the Court then indicated that a "procedural" violation can be elevated to a "substantive" violation if the Court itself approves of Congress' judgment in drafting the provision, or if the Court itself finds a "common law" basis for Congress' creation of the provision. *See id.* Notably, "[n]either the Supreme Court nor the Sixth Circuit have defined the concepts of substantive and procedural rights for purposes of standing doctrine." *Tucek v. Cadillac Accounts Receivable Mgmt.*, No. 1:17-cv-14233, 2019 U.S. Dist. LEXIS 229048, at *18-19 (E.D. Mich. Oct. 3, 2019) report and recommendation rejected on other grounds, 2020 U.S. Dist. LEXIS 45182 (E.D. Mich. Mar. 16, 2020).

The *Buchholz* Court did however identify what in its opinion would be some "substantive" violations of the FDCPA, e.g. taking collection action when, "the statute of limitations has expired, that res judicata precludes MNT from collecting the debts, or even that MNT miscalculated the amounts he allegedly owes". *Buchholz,* 946 F.3d at 870. This methodology adopted by the Court in *Buchholz*,

"we find ourselves, like we were in *Hagy*[1], unable to identify any harm to come from that violation", *id.*, thereby second guessing Congress, violates the separation of powers doctrine, but nevertheless does not foreclose a District Court or future panels from finding that some provisions of the FDCPA are "substantive" in nature.

The Court also asked the parties to address whether if the *Spokeo/Buchholz* standing framework is limited to procedural violations of the FDCPA and if so, how that changes, if at all, the analysis of whether Plaintiff has Article III standing for each of the statutory violations alleged. The *Spokeo/Buchholz* analysis arguably only applies to alleged "procedural" violations, not to alleged "substantive" violations. *See Coulter-Owens v. Time Inc.*, 695 F. App'x 117, 121 (6th Cir. 2017) (unpublished) ("the violation at issue here is not a 'bare procedural violation'; it is a violation of the PPPA's most basic substantive protection, the privacy in one's reading materials. *Spokeo* does not apply here."). Because the claims asserted are all

---

[1] In *Hagy v. Demers & Adams*, 882 F.3d 616 (6th Cir. 2018), that plaintiff's counsel did not present the Court a rational for Congress enacting FDCPA § 1692e(11), appears to originate from prior FTC enforcement actions against debt collectors who used deceptive and unfair practices that concealed that they were debt collectors using false statements to obtain information from the debtor. *E.g. Mohr v. FTC*, 272 F.2d 401 (9th Cir. 1959); *e.g. Dejay Stores, Inc., v. FTC*, 200 F.2d 865 (2d Cir. 1952); *e.g. Rothschild v. FTC*, 200 F.2d 39 (7th Cir. 1952). *Hagy*, like *Buchholz*, is an example of why under the separation of powers doctrine, the Judiciary should not second guess Congress, who has the benefit of committees and hearings, in enacting legislation under their Article II powers, let alone leave it to the skill, or lack thereof, of a plaintiff's counsel to articulate Congress' rationale in drafting the legislation.

5

"substantive" in nature, encompassed by personal protections afforded to the "consumer" under the FDCPA, *Spokeo*, and thus *Buchholz*, are inapplicable here. *Spokeo* itself supports the holding in *Coulter-Owens*.

In *Spokeo,* the Supreme Court remanded the case back to the Court of Appeals to decide one of the two alleged violations, holding that:

> the Ninth Circuit failed to fully appreciate the distinction between concreteness and particularization, its standing analysis was incomplete. It did not address the question framed by our discussion, namely, whether the particular procedural violations alleged in this case entail a degree of risk sufficient to meet the concreteness requirement. [*Spokeo, Inc. v. Robbins,* __ U.S. __; 136 S. Ct. 1540, 1550 (2016)].

"Procedural" should be viewed as a non-substantive provision, which is supported by the context of the usage of the term "procedural" in *Spokeo*:

> In the context of this particular case, these general principles tell us two things: On the one hand, Congress plainly sought to curb the dissemination of false information by adopting procedures designed to decrease that risk. On the other hand, Robins cannot satisfy the demands of Article III by alleging a bare procedural violation. A violation of one of the FCRA's procedural requirements may result in no harm. For example, even if a consumer reporting agency fails to provide the required notice to a user of the agency's consumer information, that information regardless may be entirely accurate. In addition, not all inaccuracies cause harm or present any material risk of harm. An example that comes readily to mind is an incorrect zip code. It is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm. [*Id.*]

Justice Thomas' concurrence noted the difference in the type of Robins' two claims finding: (1) No standing for Robins, "to sue Spokeo, in his own name, for violations of the duties that Spokeo owes to the public collectively, absent some

showing that he has suffered concrete and particular harm[,] for example, the requirement to 'post a toll-free telephone number on [Spokeo's] website through which consumers can request free annual file disclosures'"; and that (2):

> a remand is required because one claim in Robins' complaint rests on a statutory provision that could arguably establish a private cause of action to vindicate the violation of a privately held right. Section 1681e(b) requires *Spokeo* to 'follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.' §1681e(b) (emphasis added). If Congress has created a private duty owed personally to Robins to protect his information, then the violation of the legal duty suffices for Article III injury in fact. [*Id.* at 1553-1554 (Thomas, J., concurring)].

As such, Robbins' first claim could be classified as "procedural" whereas the second claim, could be classified as "substantive". If the claims asserted here are merely "procedural", which they are not, then under "the two factors from *Spokeo*, congressional judgment and the common law, to determine whether the procedural violation is cognizable" analysis in *Buchholz,* 946 F.3d at 870[2].

The forgoing questions proposed by this Court do not change under two of cases cited by the Court for the parties to consider; they support that Plaintiff's FDCPA claims are "substantive in nature." *Tucek*, 2019 U.S. Dist. LEXIS 229048,

---

[2] After *Buchholz*, the Sixth Circuit in *Donovan v. Firstcredit, Inc*., 983 F.3d 246, 2020 U.S. App. LEXIS 39798 (6th Cir. 2020), found standing where the plaintiff alleged a violation of a specific provision of the FDCPA, 15 U.S.C. § 1692f(8), noting that the risk of harm associated with the alleged violation, "'implicates a core concern animating the FDCPA'". Id. at * 7 (*quoting Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014); *citing Macy v. GC Servs. LP*, 897 F.3d 747, 756 (6th Cir. 2018)).

at *19 ("The FDCPA manifests a design to protect private rights in a substantive manner. *Cf. Spokeo*, 136 S.Ct. at 1549. Congress memorialized its findings and purposes in the statutory text."); *Griffin v. Bank of Am., N.A.*, 226 F. Supp. 3d 899, 903 (N.D. Ohio 2016) ("the privacy interest protected under the FCRA was a substantive right").

*Throndson v. Huntington Nat'l Bank*, No. 2:19-cv-1789, 2020 U.S. Dist. LEXIS 111060 (S.D. Ohio June 24, 2020), on the other hand, like *Buchholz* and *Hagy* involved, "the Court perform[ing] its own analysis of the judgment of Congress and historical practice to determine whether Plaintiff has raised a genuine dispute of material fact that he has suffered an intangible, concrete harm." *Id.* at *14. However under this rubric, standing can be found in this case as the claims asserted are likewise supported by "a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts", "the law has long permitted recovery by certain tort victims even if their harms may be difficult to prove or measure." *Spokeo,* 136 S.Ct. at 1549 *compare to* the allegations asserted of conduct akin to trespass and battery. Although the court in *Throndon* arrived at the correct conclusion that the plaintiff had standing, the methodology used was improper, in violation the separation of powers doctrine.

Plaintiff suggests that the issue of Article III standing should be framed and decided as a separation of powers question and is the proper vessel to reconcile the

8

spectrum on standing within the Sixth Circuit case from *Macy* on one end, to *Hagy/Buchholz* on the other. For more than three decades, Article III standing in consumer protection cases, like the FDCPA, was not second guessed by the Judiciary when the debt collector's complained of conduct was directed at a consumer. Even those judges who attacked with great vitriol FDCPA cases where no harm was alleged, standing was not questioned. *E.g. Frey,* 970 F.2d at 1521-1522 (6th Cir. 1992) (Suhrheinrich, J., dissenting). It was not until after *Spokeo* did federal courts begin to refuse to exercise their Article III judicial power, due to a cribbed and erroneous reading of standing doctrine, which then subverts Congress's attempt to grant certain statutory protections and private rights of action. In doing so, one branch of the government is pulling back as to nullify the power of another.

The federal courts have the judicial authority to hear a case and controversy when a plaintiff brings a claim that alleges the conduct of the defendant had violated Congress' enumerated protections under an Act, protections that are owed to that person personally, not to the general public at large, and in absence of actual damages, redressability can be obtained from the availability of an award of statutory damages. Notably, Congress when enacting the FDCPA expressly granted the federal district courts federal question jurisdiction, "without regard to the amount in controversy". 15 U.S.C. § 1692k(d); *see also* 1692k(a)(2)(A); *e.g. Pietrowski v. Merchs. Med. Credit Corp.*, 256 F.R.D. 544, 551 (E.D. Mich. 2009) ("despite

9

finding that Defendant had committed two violations of the FDCPA, the jury ultimately awarded Plaintiff zero damages"). In contrast, if Congress does not want the Judiciary to exercise any power over a matter, Congress is well equipped to say so. *E.g. Rranxburgaj v. Wolf*, 825 F. App'x 278, 283 (6th Cir. 2020) (unpublished).

As Justice Thomas stated in *Spokeo,* the separation-of-powers concerns are "generally absent", "when a private party seeks to enforce only his personal rights against another private party." *Id.* at 1551, 1553 (Thomas, J., concurring) (citation omitted). Thus, the Judiciary should not substitute its opinion on whether it should exercise its authority to hear such cases, as the separation of powers doctrine requires the Judiciary to hear and rule on the merits of whether a defendant violated the personal protections or prohibitions of an Act accordingly, and in an FDCPA case, can do so "without regard to the amount in controversy". 15 U.S.C. § 1692k(d).

WHEREFORE the reasons stated herein and in Plaintiff's Response in Opposition, this Court should deny Defendant's Rule 12(b)(1) motion to dismiss.

Respectfully submitted,

/s/ Curtis C. Warner
Curtis C. Warner

| | |
|---|---|
| Curtis C. Warner (P59915) | B. Thomas Golden (P70822) |
| 5 E. Market St. | GOLDEN LAW OFFICES, P.C. |
| Suite 250 | 318 E. Main St., Ste. L, P.O. Box 9 |
| Corning, NY 14830 | Lowell, MI 49331 |
| (888) 551-8685 (TEL) | (616) 897-2900 (TEL) |
| cwarner@warner.legal | btg@bthomasgolden.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on **March 4, 2021,** I electronically filed the foregoing paper with the Clerk of the Court using the ECF system that will send notification of such filing to the attorneys of record:

Kathleen H. Klaus (P67207)
Jesse L. Roth (P78814)
MADDIN, HAUSER, ROTH & HELLER, P.C.
28400 Northwestern HWY, 2ND Floor
Southfield, MI 48034
(248) 359-7520 (TEL)
kklaus@maddinhauser.com
jroth@maddinhauser.com

                        Respectfully submitted,
                       /s/ Curtis C. Warner
                          Curtis C. Warner

| | |
|---|---|
| Curtis C. Warner (P59915) | B. Thomas Golden (P70822) |
| 5 E. Market St. | GOLDEN LAW OFFICES, P.C. |
| Suite 250 | 318 E. Main St., Ste. L, P.O. Box 9 |
| Corning, NY 14830 | Lowell, MI 49331 |
| (888) 551-8685 (TEL) | (616) 897-2900 (TEL) |
| cwarner@warner.legal | btg@bthomasgolden.com |