UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCE NICOLAS VAN VLECK,

    Plaintiff,

v.

                                                      Case No. 20-11635
                                                      Hon. Denise Page Hood

LEIKIN, INGBER & WINTERS, P.C.,

    Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO VACATE THE MARCH 31, 2021 OPINION AND ORDER AND THE APRIL 8, 2021 JUDGMENT AND FOR LEAVE TO FILE AN AMENDED COMPLAINT [ECF No. 49]; DENYING PLAINTIFF'S MOTION TO CERTIFY A QUESTION TO THE MICHIGAN SUPREME COURT [ECF No. 50]; and GRANTING PLAINTIFF'S MOTION TO SUPPLEMENT [ECF No. 77]**

**I.    INTRODUCTION**

Plaintiff, Vince Nicolas Van Vleck, filed this lawsuit against the law firm of Leikin, Inger & Winters, PC on June 22, 2020 ("Defendant"). Plaintiff asserted violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), arising from Defendant's April 23, 2020 in-person service of process on Plaintiff. This service occurred while the Michigan Governor's declaration of emergency and stay-at-home orders were in place due to the COVID-19 pandemic.

Defendant filed a motion to dismiss the complaint. Although Plaintiff could have filed an amended complaint as a matter of right, he instead elected to file a

1

response to Defendant's motion to dismiss. On March 31, 2021, the Honorable Stephanie Dawkins Davis granted the motion after hearing argument. ECF No. 47. Judge Davis held that Plaintiff failed to sufficiently allege Article III standing to assert his claims under the FDCPA. *Id.* at PageID.807.

On April 13, 2021, Plaintiff filed the "Motions to Vacate the March 31, 2021 Opinion and Order and the April 8, 2021 Judgment and Leave to File an Amended Complaint" ("Motion to Vacate"), ECF No. 49, and the Motion to Certify a Question to the Michigan Supreme Court Pursuant to Local Rule 83.40 ("Motion to Certify"). ECF No. 50. Defendant filed a joint response to the Motions, ECF No. 51, and Plaintiff filed a reply brief regarding each Motion. ECF Nos. 52, 53. Plaintiff subsequently filed approximately 11 notices of supplemental authority, motions for leave to supplement his Motion to Vacate, and/or replies regarding the Motion to Vacate and/or the Motion to Certify. *See* ECF Nos. 55, 57, 59, 60, 62, 63, 65, 67, 74, 77,[1] 79. Plaintiff also filed a notice indicating that he desired to proceed only on behalf of himself, and no longer on behalf of a class. ECF No. 75. Defendant filed one notice of supplemental authority, ECF No. 54, and responses to many of Plaintiff's subsequent filings. *See* ECF Nos. 56, 58, 61, 64, 66, 78. On June 24, 2022, the case was reassigned to the undersigned due to Judge Davis's appointment to the Sixth Circuit Court of Appeals.

---

[1] Plaintiff's Motion for Leave to Supplement [ECF No. 77] is granted.

For the reasons that follow, the Court denies the Motion to Vacate and the Motion to Certify.

## II. BACKGROUND

Judge Davis set forth extensive factual allegations and legal analysis in the March 31, 2021 Order. Plaintiff seeks to vacate that Order and file an amended complaint, which he has attached to the Motion to Vacate as Appendix 1. ECF No. 49-2. Plaintiff contends that Judge Davis ruled on the merits when addressing the issue of standing in the March 31, 2021 Order. Plaintiff contends that doing so was a clear error of law and highly prejudicial to Plaintiff because he cannot simply refile in state court by citing the lack of federal standing as the basis for filing a case in state court. Plaintiff also asserts that Judge Davis clearly erred when relying on "evidence" outside of the Complaint to assess whether Plaintiff's alleged injury is akin to battery.

Plaintiff states that his proposed amended complaint sufficiently alleges assault and battery by the process server, the impropriety of the service of process, and the injury he suffered, as well as a claim under 15 U.S.C. §1692f, which prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." He further states that, as he is in control "of his complaint and likewise, controls his own theories of standing," ECF No. 47, PageID.795, "the proposed amended complaint adds more detail of the injury in-

fact, cites specific language in the Governor's Stay Safe, Stay Home Orders, to make clear that the complaint alleges impropriety in the service of process, cites the Order of the Michigan Department of Health, and further cites case law to support the merits of [Plaintiff]'s claims." ECF No. 49, PageID.816-17.

## III. APPLICABLE LAW

*A. Relief from Judgment – Rules 59(e) and 60(b)(6)*

Under Fed. R. Civ. P. 59(e), a district court will reconsider a prior decision "if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner Operator Indep. Drivers Ass'n, Inc. v. Arctic Exp., Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003).

Pursuant to Rule 60(b)(6), a court may grant relief from judgment or order in the event of any reason that justifies relief. Judgment may be altered or amended pursuant to Rule 60(b)(6) when necessary "to prevent manifest injustice." *Gen. Corp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Courts, however, have consistently held that "relief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (internal citations omitted). In the Sixth Circuit, Rule 60(b)(6) "applies only in exceptional or extraordinary circumstances not addressed by the

first five numbered clauses of the rule." *Id.* The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

Plaintiff mentions Rule 60(b) as an alternative basis for his Motion to Vacate, but he makes no effort to explain how Rule 60(b) supports his Motion to Vacate. Instead, he indicates that Rule 60(b) does not apply because a dismissal without prejudice is not final.

*B. Amendment of Complaint - Rule 15(a)*

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

IV. **ANALYSIS**

"[W]here a plaintiff seeks to amend his complaint after an adverse judgment, he must 'meet the requirements for reopening a case established by Rules 59 or 60.'" *Moncier v. Jones*, 557 F.App'x 407, 410 (6th Cir. 2014), citing *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615-16 (6th Cir. 2010). Plaintiff contends that, when his case was dismissed by Judge Davis, the dismissal was not final because it was without prejudice. Citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505-06 (2001). For that reason, Plaintiff believes that he should

be able to amend his complaint after the Court sets aside the order and judgment dismissing the original complaint. Case law supports the position that amendment of a complaint should be permitted once a motion for relief from judgment is granted. *See, e.g. Inge v. Rock Fin. Corp.*, 281 F.3d 613 (6th Cir. 2002); *Bakshi v. Avis Budget Grp., Inc.*, 2020 U.S. Dist. LEXIS 125225, at **1-3 (E.D. Mich. July 16, 2020); *Burns v. Helper*, 2019 U.S. App. LEXIS 2951, at *1 (6th Cir. Jan. 28, 2019).

Plaintiff subsequently argues that the basis for the dismissal impacts whether an amendment is possible, because dismissals with prejudice mean that the litigation should be brought to an end. Plaintiff contends that the present state of this case should not be considered final because the dismissal was without prejudice pursuant to Rule 12(b)(1) due to a lack of standing. Plaintiff then argues that Defendant has failed to provide any analysis or argument why Plaintiff's proposed amended complaint does not now allege facts sufficient for him to meet Article III's standing requirements. In fact, Plaintiff's Motion to Vacate primarily focuses on how he would amend his complaint to sufficiently establish standing.

As the Sixth Circuit has established, however, before reaching the issue of whether a motion to amend should be addressed, the Court first must determine whether Plaintiff has satisfied the requirements for reopening a case under Rule 59 or Rule 60. *See Moncier* and *Leisure Caviar, supra*. The law is clear that relief is not available pursuant to Rule 60(b)(6) because Rule 60(b)(6) is not a viable avenue

for asserting new allegations. *Coyer v. HSBC Mort. Serv., Inc.*, 701 F.3d 1104, 1110 (6th Cir. 2012). The Court turns to whether Plaintiff has demonstrated that Judge Davis committed an error of law (as Plaintiff does not claim any newly discovered evidence or intervening change in the law),[2] such that he is entitled to relief from judgment pursuant to Rule 59(e). The Court finds that Judge Davis did not.

*A. Motion to Vacate (including Motion for Leave to Amend Complaint)*

Judge Davis correctly held that Plaintiff has not <u>alleged</u> a concrete injury, as required to establish standing. *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016). A concrete injury requires that the plaintiff personally suffered an actual injury or an imminent threat of a "real, . . . not abstract," injury. *See, e.g., DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342-44 (2006); *Larkin v. Finance Syst. of Green Bay, Inc.*, 982 F.3d 1060 (7th Cir. 2020) (citing *DaimlerChrysler Corp.*, 547 U.S. at 341). "Article III standing requires a concrete injury even in the context of a statutory violation," as Plaintiff alleges here. *Larkin*, 982 F.3d at 1064. Emotional distress, including fear of something, alone is not sufficient to establish an injury-in-fact for standing purposes. *Bucholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 861, 863-65 (6th Cir. 2020) (citations omitted). This is particularly true where it involves the fear of a future injury, as a future injury must be more than "reasonably likely to

---

[2] The Court notes that Plaintiff's notices of authority and supplemental motions cite numerous cases decided after the March 31, 2021 Order, but none of these cases involves a decision that is squarely on point with respect to the arguments asserted by Plaintiff in the Motion to Vacate.

occur—the 'threatened injury must be certainly impending.'" *Id.* at 865 (citations omitted).

Plaintiff has not alleged nor suggested that the process server had Covid-19 (even in Plaintiff's proposed amended complaint). The complaint alleges that the encounter between the unmasked[3] process server was brief and outdoors. Based on the allegations, the Court cannot conclude, simply for purposes of determining standing, that an injury to Plaintiff (contracting Covid-19) was "certainly impending," such that a concrete injury has been alleged. This Court agrees with Judge Davis that Plaintiff's claims under 15 U.S.C. § 1692c(a)(1) are based on the fear of contracting Covid-19 and, as such, are not cognizable claims. *Bucholz*, 946 F.3d at 865. Judge Davis did not commit clear error in making that determination.

The Court finds that Judge Davis set forth well-reasoned rejections of Plaintiff's arguments that he sufficiently alleged injury under his FDCPA claims pursuant to 15 U.S.C. § 1692d(1) based on the common law torts of battery and abuse of process. There are no allegations that support the finding of an injury-in-fact attributable to either theory. *See Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 931 (11th Cir. 2020) (quoting *Spokeo*, 136 S.Ct. at 1549) (a plaintiff can attempt

---

[3] Plaintiff does not recall whether the process server was wearing a mask; his mother claims the process server was not wearing a mask.

to show a direct harm by showing that the violation bears "a 'close relationship' to a traditionally redressable harm").

With respect to Plaintiff's reliance on an abuse of process claim, the Court concludes, as Judge Davis did, that: (a) Plaintiff's complaint did not allege any impropriety in the service of process itself; and (b) the Executive Order issued by the Michigan Governor and the Administrative Order issued by the Michigan Supreme Court did not bar service of process (although the time by which Defendant had to cause service of process upon Plaintiff was tolled as a result). With respect to Plaintiff's reliance on a battery claim, Plaintiff fails to allege any touching by the process server. The absence of touching precludes Plaintiff's ability to show "the wilful and harmful or offensive touching of another person which results from an act intended to cause such contact." *Burrell v. Cnty. of Macomb*, 2011 WL 1879622, at *2 (Mich.Ct.App. May 17, 2011) (internal quotations and citations omitted). Accordingly, Judge Davis did not commit clear error in holding that Plaintiff's alleged injury was not akin to battery or an abuse of process. The Court further finds that Judge Davis did not commit clear error when assessing the battery analogy by relying on evidence outside the complaint.[4]

---

[4] Plaintiff states in the Motion to Vacate that "[t]he Court was misled in finding that a dismissal was proper by Defendant's statement regarding its 'evidence' outside of the Complaint presented to the Court in a reply, which this Court relied upon [when the Court stated]: . . . [D]efendant makes a facial attack, . . . except as to the assertion that [Plaintiff] fails to show his injury is akin to battery, where defendant relies on evidence outside the complaint." ECF No. 49, PageID.822.

As to Plaintiff's claims pursuant to 15 U.S.C. § 1692e(2)(A) for making false statements, Judge Davis determined that Plaintiff failed to establish standing because he did not allege a concrete injury when he concluded that he had only 21 days to answer the complaint. Plaintiff's belief was based on the form language in the SCAO summons he received. The language in the SCAO summons form provides that a defendant has 21 days to answer the complaint. Plaintiff asserts that Judge Davis assessed the merits of whether Plaintiff was injured by the service that occurred on April 23, 2020, but this Court agrees with Judge Davis. Plaintiff had the burden of "alleging that [his] injury [wa]s 'fairly traceable'" to Defendant's challenged conduct but, as Judge Davis found, the injury alleged by Plaintiff was not fairly traceable to Defendant.

Finally, the Court rejects Plaintiff's contention that Judge Davis ruled on the merits of his claim. Judge Davis made determinations, as she had to do, in order to ascertain whether Plaintiff had met the criteria to have standing in this Court on the claims filed. As determined by Judge Davis, and by this Court, as discussed above, Plaintiff did not meet the criteria to establish standing. Judge Davis did not, however, make determinations regarding the merits of Plaintiff's claims.

The Court denies Plaintiff's motion for relief from judgment pursuant to Rules 59(e) and 60(b).

B. *Motion to Amend*

As Plaintiff did not meet the requirements for reopening a case established by Rule 59 or Rule 60, the Court need not consider Plaintiff's request for leave to amend his complaint. *Moncier*; *Leisure Caviar, supra*. The fact that Plaintiff elected not to amend his Complaint when he had the right to do so in response to Defendant filing the motion to dismiss also weighs against allowing Defendant to amend his complaint now and, in essence, take a second bite at the apple. Accordingly, the Court denies Plaintiff's request to file an amended complaint in this matter.

*C. Motion to Certify Question to the Michigan Supreme Court*

Plaintiff moves the Court to certify the following question to the Michigan Supreme Court pursuant to Local Rule 83.40:

> Whether under the Governor's Executive Orders ("EO") 2020-21, rescinded by EO 2020-42, rescinded by EO 2020-59, is a process server serving a debtor in-person with a Michigan state court summons and debt collection lawsuit, part of Michigan's "critical infrastructure" or is a function "necessary to conduct minimum basic operation" as those terms are expressly defined within the Executive Orders, and if not, was the process server under the Executive Orders otherwise prohibited from effectuating in-person service upon the debtor while these Orders were in effect?

Plaintiff maintains that a determination by the Michigan Supreme Court would resolve the merits of Plaintiff's claims in Counts I and II, as amended.

The Court denies Plaintiff's Motion to Certify. There is no longer a case before the Court, as Plaintiff's cause of action has been dismissed. To the extent Plaintiff desired this issue certified to the Michigan Supreme Court, he should have

raised this issue prior to dismissal of his cause of action. *See State Auto Property and Cas. Ins. Co. v. Hargis*, 785 F.3d 189, 192 (6th Cir. 2015) ("Although certification under the state court procedure is within this court's discretion, its use is disfavored when the party requesting certification does so only after an adverse judgment has been entered."). "[T]he appropriate time for a party to seek certification of a state-law issue is before, not after, the district court has resolved the issue." *Id*. at 194 (citations omitted).

Plaintiff argues that the issue was not foreseeable on responding to a Rule 12(b)(1) motion to dismiss, noting that Judge Davis made an assumption about what the Michigan Supreme Court would do. The Court is not persuaded that this is an issue that should be certified to the Michigan Supreme Court. Judge Davis made a reasonable, clear and principled determination based on the Administrative Order issued by the Michigan Supreme Court on March 23, 2020 (MSC AO 2020-03). MSC AO 2020-03, among other things, suspended the need to respond to a complaint, but it did not bar service of process. It also provided avenues for litigants to proceed with the litigation of their cases.

## V. CONCLUSION

Accordingly, for the reasons stated above,

IT IS ORDERED that Plaintiff's Motions to Vacate the March 31, 2021 Opinion and Order and the April 8, 2021 Judgment, and Leave to File an Amended Complaint [ECF No. 49] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Certify a Question to the Michigan Supreme Court Pursuant to Local Rule 83.40 [ECF No. 50] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Supplement [ECF No. 77] is GRANTED.

IT IS ORDERED.

Dated: September 23, 2022

s/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE